# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| WALKER SAMPSON, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CV408-233<br>) |
| MR. ROWLAND, *General Manager*,<br>MR. KERRY, *Manager*, | )<br>)<br>) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, an inmate at Coastal State Prison in Garden City, Georgia, has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. He alleges that employees of his former employer -- a restaurant -- violated his civil rights by failing to forward to him his pay following his arrest and incarceration. *Id.* at 6. On December 30, 2008, the Court granted him leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form *and* a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in

a recommendation that this case be dismissed. Doc. 3. More specifically, the Court stated that

> (2) Plaintiff must sign and date the enclosed Consent to Collection of Fees from Trust Account. By signing this form, plaintiff gives his consent to the collection of the entire filing fee from his prison account in installments, in accordance with the provisions of the Prison Litigation Reform Act.
>
> (3) Plaintiff must return both the Prisoner Trust Account Statement and the Consent to Collection of Fees from Trust Account to the Clerk within thirty days of this Order.

Doc. 3 at 2.

In response, Sampson has returned only his Prisoner Trust Account Statement. Doc. 4. Because he has failed to comply with this Court's Order, Fed. R. Civ. P. 41(b) dismissal is warranted. For that matter, plaintiff has failed to allege a § 1983 violation by a person acting under color of state law (an indispensable § 1983 prerequisite). *See, e.g., Wilson v. Dollar-Thrifty Auto Group-South Fla Transport*, 286 F. App'x 640, 642 (11th Cir. 2008) (Rental car company did not act under color of state law when it reported a car stolen that a customer rented and failed to return on time, and thus, company could not be liable to *pro se* customer under § 1983 for alleged violations of customer's constitutional rights; the

company was not performing a public function, there was no showing that the state or local government somehow coerced or compelled company to report the stolen car, and the state was not a joint participant in the company's rental car operations). Accordingly, the Complaint should be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) and 28 U.S.C. § 1915A(b).

**SO REPORTED AND RECOMMENDED** this 29th day of January, 2009.

/s/ Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA