FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2009 MAY -8 PM 1: 11
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

WALKER SAMPSON,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　CASE NO. CV408-233
　　　　　　　　　　　　　　　　　)
MR. ROWLAND, General Manager,　　)
and MR. KERRY, Manager,　　　　　)
　　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　　 )
　　　　　　　　　　　　　　　　　)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation. (Doc. 5.) For the following reasons, the Court **ADOPTS IN PART** the Report and Recommendation.

In the Report and Recommendation, the Magistrate Judge identifies two reasons why Plaintiff's Complaint should be dismissed: (1) Plaintiff failed to return the Consent to Collection of Fees Form; and (2) Plaintiff's Complaint fails to state a valid claim that would entitle him to relief. In response, Plaintiff submitted the appropriate Consent Form. (Doc. 7.) Accordingly, the Court **DECLINES TO ADOPT** the portion of the Report and Recommendation dismissing Plaintiff's claim on that ground.

However, Plaintiff's Complaint must still be dismissed because it fails to state a valid claim. See 28 U.S.C. § 1915A(b) (mandating dismissal of pro se complaint filed by prisoner where

complaint "fails to state a claim upon which relief may be granted"). Plaintiff has alleged a civil rights violation under 42 U.S.C. § 1983 against his former employer, a private corporation. In this case, § 1983 is inapplicable because it requires that the civil rights violation be performed by an individual acting under color of state law. That is, an individual representing the federal, state, or local government was responsible for the civil rights violation.[1] See Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347-48 (11th Cir. 2001) (explaining that § 1983 claims require some action by a state official). Because Plaintiff has not alleged that an agent of the government deprived him of his civil rights, the Court **ADOPTS** the portion of the Report and Recommendation dismissing Plaintiff's Complaint for failure to state a claim. Accordingly, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. The **Clerk of Court** is **DIRECTED** to **CLOSE THIS CASE**.

SO ORDERED this 8th day of May, 2009.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] To the extent Plaintiff alleges that his former employer failed to provide him with his final paycheck, it appears that such an action may be governed by state law and, as a result, should be brought in state court. See O.C.G.A. § 34-7-2. Because the Parties in this case lack the elements necessary to invoke this Court's diversity jurisdiction, this Court does not have jurisdiction to entertain what would be purely a state law issue.

2